**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIE MILLER, | ) | CASE NO. 5:15CR463 |
| | ) | 5:19CV645 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | ORDER AND JUDGMENT ENTRY |
| | ) | |
| Respondent. | ) | |
| | ) | |

The instant matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 117. The petition is DENIED.

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Miller raises two grounds for relief in his petition. First, he contends that he received ineffective assistance trial counsel. Second, he contends that erred when it determined that he was a career offender. The Court now reviews those contentions.

1

Petitioner's burden to establish an ineffective assistance of counsel claim is two-fold. Under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), Petitioner must first show that counsel's performance was deficient. Pursuant to *Strickland*, "deficient" conduct is not simple error; counsel must have erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed...by the Sixth Amendment." *Id*. at 687. When evaluating counsel's performance, a court is required to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (internal citation omitted).

If deficient conduct is identified, Petitioner must then demonstrate that counsel's deficient performance prejudiced his defense. *Id*. at 692. To demonstrate prejudice, it is not enough to show that the "errors had some conceivable effect on the outcome of the proceeding" as any "act or omission of counsel would meet this test." *Id*. at 693. Instead, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 693. In effect, counsel's performance must have "caused the defendant to lose where he would probably have won" by conduct "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (emphasis omitted).

The primary focus of Miller's ineffective assistance of counsel claim overlaps with his contention that he was improperly determined to be a career offender. In support, Miller contends that his prior controlled substance conviction should not have been counted as a predicate offense and that his assault with intent to do great bodily harm also should not have been deemed a predicate offense. The Court finds no error in its prior determination.

First, despite Miller's assertions to the contrary, there is nothing in the record to suggest that his controlled substance offense was dismissed. Miller asserts without evidentiary support that his prior drug offenses were dismissed. The PSR, however, reflects that Miller was placed on probation for those offenses. Nothing in the record supports his claim that the charges were ever dismissed.

Second, Miller's claim related to his assault conviction is foreclosed by Sixth Circuit precedent. "[W]e conclude that Raybon's conviction under Mich. Comp. Laws § 750.84(1)(a) qualifies as a crime of violence[.]" *Raybon v. United States*, 867 F.3d 625, 632 (6th Cir. 2017), cert. denied, 138 S. Ct. 2661, 201 L. Ed. 2d 1058 (2018). Miller's conviction falls under the same statute. Therefore, any argument that his offense is not a crime of violence cannot succeed.

In passing, Miller also seems to assert that his trial counsel was ineffective for failing to file an appeal on his behalf. Miller, however, filed a notice of appeal without the assistance of counsel. Further, Miller was appointed counsel on appeal. While counsel ultimately filed an *Anders* brief, Miller was afforded counsel. Accordingly, he cannot demonstrate any prejudice from his alleged claim that his trial counsel did not file the notice of appeal.

Based upon the above, neither of Miller's grounds for relief have merit. Petitioner Willie Miller's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: November 18, 2019 　　　　　　　/s/ *John R. Adams*
　　　　　　　　　　　　　　　　　　　**JOHN R. ADAMS**
　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**