ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  5:15CR463 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| WILLIE MILLER, | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Willie Miller's second motion for compassionate release. Doc. 139. Miller styled the motion as one seeking reconsideration of the Court's denial of his original motion for compassionate relief and this Court denied it via a marginal entry. On appeal, the Sixth Circuit determine the motion should be considered a new motion for compassionate release. Accordingly, the Court addresses the merits of the motion.

COVID-19 is an abbreviation for the novel coronavirus disease of 2019, a respiratory illness that spreads easily and sustainably in the community through respiratory droplets produced when an infected person coughs or sneezes. See Centers for Disease Control and Prevention Coronavirus Disease 2019 Frequently Asked Questions, https://www.cdc.gov/coronavirus/ 2019-ncov/faq.html#How-COVID-19-Spreads (last visited April 24, 2020). The novel coronavirus of 2019 is a serious disease, ranging from no symptoms or mild ones for people at low risk, to respiratory failure and death in older patients and patients with chronic underlying conditions. *Id*. The virus has been detected in asymptomatic persons, and its incubation period is believed to be

up to fourteen days in duration. *Id*.

Currently, there is no vaccine to prevent COVID-19, nor is there antiviral medication that can treat it. *Id.* According to the CDC, "[t]he best way to prevent illness is to avoid being exposed to the virus." *Id*. The CDC recommends, among other things, that people clean their hands often or use hand sanitizer when soap is unavailable, avoid close contact with other people (at least six feet in distance), and clean and disinfect frequently touched surfaces daily, such as tables, doorknobs, light switches, and countertops. *Id*. The CDC also recommends that if an individual becomes sick, he or she should isolate from others by staying in a specific sick room and using a separate bathroom if possible. *Id*.

The CDC has also indicated that certain classes of individuals are at higher risk for developing severe illness if exposed to the novel coronavirus of 2019. *Id*. Older adults – 65 or older – and people suffering from underlying medical conditions such as moderate to severe asthma, chronic lung disease, serious heart disease, severe obesity, diabetes, liver disease, kidney disease or people who are immunocompromised such as those who are undergoing cancer treatment, smokers, bone marrow or organ transplant recipients or donors, people with immune deficiencies, poorly controlled HIV or AIDS sufferers and those who have prolonged use of corticosteroids and other immune weakening medications are at higher risk of developing serious illness if they are exposed to COVID-19. *Id*. Additionally, the CDC reports that "[a]pproximately 90% of hospitalized patients identified ... had one or more underlying conditions, the most common being obesity, hypertension, chronic lung disease, diabetes mellitus, and cardiovascular disease." *Id*.

For over two years now, courts have routinely found that the COVID-19 pandemic, when coupled with other health concerns, has constituted an extraordinary and compelling reason justifying further consideration of a motion for compassionate release. At the same time, the Sixth Circuit has noted that a district court does not abuse its discretion when denying a motion when the prison facility at issue has no positive cases. *See United States v. Elias*, 984 F.3d 516, 521 (6th Cir. 2021) (finding that it was not an abuse of discretion to deny compassionate release when Alderson had no reported cases and therefore only presented a speculative risk to the movant).

The Court notes that Miller is currently housed at Gilmer FCI, a facility that currently has only two positive cases within its inmate population. Accordingly, Defendant's motion for compassionate release presents only a speculative risk of harm from COVID-19. Standing alone, this is sufficient to deny Miller's second motion for compassionate release. However, the Court also notes that a review of the § 3553(a) factors further supports the denial.[1]

On November 17, 2016, Miller pled guilty to conspiracy to possess with intent to distribute more than 100 grams of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Within his plea agreement, Miller admitted that he was responsible for between 400 and 700 grams of heroin. Miller's most recent conviction, however, is but one component of analyzing his danger to society. While Miller was only 32 at the time of sentencing, this conviction was far from his first serious offense. In 2004, at the age of 19, Miller was convicted in Michigan of the manufacture and

---

1 The Court has previously conducted this review in its original denial. While Miller contends that additional health concerns have arisen since that denial, none of those concerns override or alter the Court's § 3553(a) factor review.

delivery of controlled substances. Miller's sentence of 22 months of probation did not serve to deter his criminal conduct. Just a few months later in July of 2004, Miller pled no contest to assault. Miller's conduct was described as follows:

> On July 24, 2004, a victim (Mario McClinton) was at Club M and M Lounge. He was involved in a physical altercation with four to five males in the establishment. Another victim (Darwin Saunders) observed the altercation and intervened by stepping between Mario McClinton and another male, by attempting to deescalate the situation. Darwin Saunders observed a male, later identified as Willie Miller, pull a hand gun from his waist band and fire one shot. The shot passed through Darwin Saunders' left hand and struck Mario McClinton in the left side. Willie Miller and the other males left the location and fled in a vehicle.

Doc. 67 at 11. Miller was paroled after only roughly three years incarceration. Miller, however, did not successfully complete his parole and was returned to prison for roughly 18 months. Miller's parole violation was described as follows: "On May 22, 2010, Miller was involved in new criminal conduct, including physically striking and shooting at a victim, his girlfriend, and her family, in their residence; possession of a firearm as a felon; failing to report as directed; and failing to submit to a drug test as directed." Doc. 67 at 12. Finally, while the facts that generated it are not before this Court, it is undisputed that at the time of his sentencing, Miller was subject to a protective order issued on behalf of Shannay Holmes by the family division of a Michigan court.

Miller's history indicates that his release now would great an immediate danger to the community. Miller has consistently engaged in both drug dealing and violent behavior since he reached the age of majority. After serving three years in prison starting at the age of 19, Miller could not complete two years of probation. Instead, he again engaged in violent behavior with a firearm – this time against his girlfriend. Miller completed his second term of parole related to assault conviction on June 29, 2013. Miller then pled guilty to the instant offense which charged

4

a conspiracy that began in September 2013. Thus, by appearance, Miller returned to criminal conduct within 60 days the termination of his probation. While unfortunate, Miller has shown a complete inability to comply with the law. Accordingly, the Court finds that the 3553(a) factors do not support releasing Miller early back into the community. Miller's motion is DENIED.

IT IS SO ORDERED.


<u>April 28, 2022</u>                  <u>/s/John R. Adams</u>
Date                             JOHN R. ADAMS
                                      UNITED STATES DISTRICT JUDGE